IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN LOUIS RUTLEDGE, | ) | |
| AIS #242515, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-504-WKW |
| | ) | [WO] |
| | ) | |
| KEN KILLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 42 U.S.C. § 1983 complaint, as amended, filed by Jonathan Louis Rutledge ["Rutledge"], a state inmate, on May 25, 2007.[1] In this complaint, Rutledge challenges actions undertaken with respect to a fire at his place of business on February 23, 2005, his arrest for second degree arson on April 29, 2005, and the resulting conviction and sentence for arson imposed upon him by the Circuit Court of Barbour County, Alabama. Rutledge names Ken Killingsworth, the fire chief of Clayton, Alabama; Jamey Williams, the police chief of Clayton, Alabama; Todd Register, a deputy

---

[1] Although the Clerk of this court stamped the complaint "filed" on June 7, 2007, it is clear that Rutledge presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates that Rutledge executed the complaint on May 25, 2007. *Plaintiff's Complaint - Court Doc. No. 1* at 3. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Rutledge] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers May 25, 2007 as the date of filing.

fire marshal; law enforcement officers Scott Pilgreen, Kenny Harden and Jimmy Graham; and Deborah Tew, an employee of the District Court of Barbour County, Alabama, as defendants in this cause of action.  He seeks declaratory relief and monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## I.  DISCUSSION

### A.  Claims Against Deborah Tew Barred as Malicious

Rutledge complains that Deborah Tew, an employee of the District Court of Barbour County, Alabama, acted in violation of his constitutional rights and the directives of state law when on April 29, 2005 she issued an arrest warrant and complaint against him related to the arson of his business.  *Plaintiff's Amendment to the Complaint - Court Doc. No. 5* at 2-3.  Specifically, Rutledge complains that "Deborah Tew fail[ed] to possess jurisdictional authority to ... sign [a felony warrant/complaint] without a license" to practice law in Alabama.  *Id*.

The instant complaint asserts claims against Deborah Tew which are identical to claims asserted by plaintiff in an earlier complaint filed with this court.  *Rutledge v. Tew*, Case No. 2:07-CV-477-WKW (M.D. Ala. 2007).  Malicious suits are abusive of the

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i).  Consequently,

a federal court may dismiss a prisoner's *in forma pauperis* complaint as malicious where

earlier and later complaints are substantially identical.  *Cf. Cato v. United* States, 70 F.3d

1103, 1105 n. 2 (9th Cir. 1985) (duplicative complaint subject to dismissal under section

1915 as malicious); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an *in forma pauperis*

complaint repeating the same factual allegations asserted in an earlier action is subject to

dismissal under the provisions of 28 U.S.C. § 1915).

The claims presented in this case against defendant Tew are indistinguishable from

those presented in *Rutledge v. Tew*, Case No. 2:07-CV-477-WKW (M.D. Ala. 2007),

which the court summarily dismissed for Rutledge's failure to file the action within the

applicable two-year period of limitation.  In light of the foregoing, it is clear that the instant

complaint filed by Rutledge with respect to the claims against Deborah Tew is malicious

and  dismissal of those claims is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## B.  Claims Barred by the Statute of Limitations

Rutledge asserts that Ken Killingsworth acted in violation of his constitutional rights

when "Killingworth failed to put out a fire at Jonathan Deli on the night of February 23,

2005...."  *Plaintiff's Complaint - Court Doc. No. 1* at 2.[3]  Specifically, Rutledge complains

that Killingsworth allowed plaintiff's "commercial building to be destroyed by fire.  Then

---

[3]In the style of this case, Rutledge identifies the defendant as Ken Killingsworth.  However, throughout the body of the complaint, Rutledge refers to the defendant as Ken Killingworth.  In the amendment to the complaint, Rutledge identifies this defendant as Ken Killingsworth.

claims the fire a arson with no evidence to prove how the fire started nor where in the building the fire started.  Ken Killingworth failed to put the fire out and protect the plaintiff property...."  *Plaintiff's Complaint - Court Doc. No. 1* at 2-3.  Rutledge further asserts that Todd Register violated due process when he signed the affidavit/complaint on April 29, 2005 "charging plaintiff with 2nd degree arson before an un-licenced magistrate ... for the purpose of secureing an arrest warrant for the offense chargeing the plaintiff ... with 2nd degree arson."  *Plaintiff's Amendment to the Complaint - Court Doc. No. 5* at 2.  Rutledge next complains that Jamey Williams, Scott Pilgreen, Kenny Harden, Jimmy Graham and Ken Killingsworth witnessed the actions of Todd Register in executing the unconstitutional affidavit/complaint.  *Id*. at 2-3.  Finally, Rutledge argues that Jamey Williams subjected him to an illegal arrest on April 29, 2005, as the arrest was based on the allegedly deficient affidavit/complaint issued by Deborah Tew.  *Id*. at 2.

It is clear from the face of the complaint, as amended, that the claims Rutledge lodges against defendants Killingsworth, Williams, Register, Pilgreen, Harden and Graham are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for  § 1983 actions changed several times [between 1985 and 1989].  Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70

(Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time.  *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time Rutledge filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

The allegedly unconstitutional actions occurred on February 23, 2005 and April 29, 2005.  On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners.  *Ala. Code* § 6-2-8(a) (1975, as amended).  The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing.  Although Rutledge argues that the limitation period should not begin to run on his challenges to the complaint/arrest warrant until the trial court imposed sentence upon him on August 17, 2005, this argument is without merit as the imposition of sentence in no way affected the running of the limitation period relative to execution of the affidavit/complaint or issuance of the arrest warrant, all of which occurred on April 29, 2005.  Consequently, the applicable statute of limitations expired on the claims related to extinguishment of the February 23,

2005 fire on February 24, 2007.[4]  With respect to those claims arising from execution of the complaint/issuance of the arrest warrant, the applicable statute of limitations expired on April 30, 2007.  As previously noted, Rutledge filed the instant complaint on May 25, 2007.   This filing occurred ***after*** the applicable periods of limitation had lapsed.  Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

An early determination of the merits of an IFP proceeding provides a

---

[4]"[T]he day of the act [or] event ... from which the designated period of time begins to run shall not be included" in computing the running of the limitation period.  Rule 6(a), *Federal Rules of Civil Procedure*.

significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Rutledge has no legal basis on which to proceed as he filed this cause of action more than two years after the violations which form the basis of the complaint accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Rutledge's challenges to the actions of defendant Killingsworth with respect to extinguishing a fire and his claims challenging the execution and witnessing of the affidavit/complaint in support of the arrest warrant are barred by the applicable statute of limitations, and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[5]

### C. Claims Challenging Rutledge's Conviction and Sentence

Rutledge presents claims which attack the validity of the conviction and sentence

---

[5]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

imposed upon him by the Circuit Court of Barbour County, Alabama ,arising from the fire at his business.  Specifically, Rutledge argues that this conviction and sentence violated his constitutional rights because the trial court lacked subject matter jurisdiction to enter judgment and impose sentence.  *Plaintiff's Amendment to the Complaint - Court Doc. No. 5* at 4.  He further argues that the evidence failed to support a conviction for arson. *Plaintiff's Complaint - Court Doc. No. 1* at 3.  The aforementioned claims go to the fundamental legality of Rutledge's current incarceration.  Consequently, these claims provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983," and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Based on the foregoing, the court concludes that to the extent Rutledge presents claims which challenge the constitutionality of a conviction and sentence entered against him by the Circuit Court of Barbour County, Alabama, he is entitled to no relief in this cause of action. A judgment by this court in favor of Rutledge on these claims would necessarily imply the invalidity of his conviction and sentence. The conviction and sentence about which Rutledge complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the plaintiff's current incarceration is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v.*

*Rodriguez*, 411 U.S. 475, 488-490 (1973).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Deborah Tew be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as such claims are malicious.

2.  The plaintiff's claims against Ken Killingsworth, Jamey Williams, Todd Register, Scott Pilgreen, Kenny Harden and Jimmy Graham be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

3.  To the extent Rutledge presents claims challenging the constitutionality of a conviction and sentence imposed upon him by the Circuit Court of Barbour County, Alabama, these claims be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  This case be dismissed prior to service of process.

It is further

ORDERED that on or before July 23, 2007, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 10th day of July, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE